SAVOY, Judge.
The issue presented to us for determination in this case involves the validity of a lease, i.e., whether nor not the yearly lease payments were made, and whether or not there was sufficient consideration to support the lease.
*128 Leman Trahan executed a lease by date of March 2, 1967, in favor of four of his children, the defendants herein, wherein each child received a 99-year lease to approximately five acres of land in Jefferson Davis Parish. The consideration for each child’s lease was $10.00 yearly payable in advance. Mr. Trahan filed suit on April 6, 1970, to cancel the four leases alleging non-payment of the annual rentals. By supplemental and amending petition he alternatively alleged that the leases were void because of lack of consideration.
Defendants filed an answer expressly alleging payment of the annual rentals, affirmatively alleging that the leases were executed in conjunction with a partition agreement executed among plaintiff and the four defendants in which plaintiff received more valuable land than the children ; and alternatively reconvening for cancellation of the partition agreement previously executed among the parties on the same date as the lease forming the basis of this suit.
On March 2, 1967, an act of partition was executed among plaintiff and his five children of the marriage between plaintiff and Edmay Leger Trahan, whereby plaintiff received 110 acres of land, and the five children received 119.463 acres of land.
On March 14, 1967, a judgment of possession in the Succession of Edmay Leger Trahan was rendered in which plaintiff was recognized as owner of an undivided one-half interest, and each of the defendants was recognized as owner of an undivided Jioth interest, along with another sister of theirs who was not made a defendant in the present suit. The record reveals that Edmay Leger Trahan departed this life on October 10, 1955, and that plaintiff shortly thereafter remarried and lived on the whole tract of land doing with it what he wanted. It was at plaintiff’s instance that the partition was effected.
The trial court held that the lease was valid, that the consideration was adequate, and that the annual rentals had been paid. The reconventional demand was denied, and appellees did not appeal from this ruling. Plaintiff appealed devolutively, contending that the annual rentals had not been paid, and that there was not adequate consideration to sustain the lease.
With the findings of the trial court we readily concur. The trial court held that the annual rentals were paid, and we feel the record amply supports this conclusion. Some payments were made in cash, some by check, and some by work done for plaintiff and other services rendered for him. After a dispute among plaintiff and two of the defendants in the early part of 1970, the defendants deposited the annual rentals to the checking account of their father as they were afraid he might not accept same. In addition, plaintiff admitted to the trial court that up until 1970, it did not make any difference to him whether or not the annual rentals were actually paid by his children. The trial court also correctly held that there was sufficient consideration to support the leases executed on March 2, 1967. Although there were two conflicting versions presented at the trial, the trial court accepted that of defendants that the lease was executed in conjunction with the act of partition insofar as the value of the land received by plaintiff exceeded that of defendants, and each of the defendants desired to have some high land upon which to build a home. We are in agreement with the trial judge that the act of partition would not have been executed without the lease, and this constituted sufficient consideration for the lease.
For the reasons assigned the judgment appealed from is affirmed at appellant’s costs.
Affirmed.